IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ERIK GARCIA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| vs. | ) | |
| | ) | FILE No. |
| 288 EXPRESS, LLC, d/b/a EXPRESS LANE | ) | |
| FOOD STORE, ASHOK KUMAR BHASIN, | ) | |
| and USHA BHASIN, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

COMES NOW, ERIK GARCIA, by and through the undersigned counsel, and files this, his Complaint against Defendants, 288 EXPRESS, LLC, d/b/a EXPRESS LANE FOOD STORE, ASHOK KUMAR BHASIN and USHA BHASIN, pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG").   In support thereof, Plaintiff respectfully shows this Court as follows:

## JURISDICTION

1.      This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims pursuant to 42 U.S.C. § 12181 *et seq.*, based upon Defendant's failure to remove physical barriers to access and violations of Title III of the ADA.

## PARTIES

2.      Plaintiff, ERIK GARCIA (hereinafter "Plaintiff"), is and has been at all times relevant to the instant matter, a natural person residing in Houston, Texas (Harris County).

3.      Plaintiff is disabled as defined by the ADA.

1

4.      Plaintiff is required to traverse in a wheelchair and is substantially limited in performing one or more major life activities, including but not limited to: walking, standing, grabbing, grasping and/or pinching.

5.      Plaintiff uses a wheelchair for mobility purposes.

6.      Plaintiff is also an independent advocate of the rights of similarly situated disabled persons and is a "tester" for the purpose of enforcing Plaintiff's civil rights, monitoring, determining and ensuring whether places of public accommodation are in compliance with the ADA.  His motivation to return to a location, in part, stems from a desire to utilize ADA litigation to make Plaintiff's community more accessible for Plaintiff and others; and pledges to do whatever is necessary to create the requisite standing to confer jurisdiction upon this Court so an injunction can be issued correcting the numerous ADA violations on the Property, including returning to the Country Food Mart and the Property as soon as it is accessible ("Advocacy Purposes").

7.      Defendant, 288 EXPRESS, LLC, d/b/a EXPRESS LANE FOOD STORE (hereinafter "288 EXPRESS, LLC, d/b/a EXPRESS LANE FOOD STORE") is a Texas limited liability corporation that transacts business in the State of Texas and within this judicial district.

8.      Defendant, 288 EXPRESS, LLC, d/b/a EXPRESS LANE FOOD STORE, may be properly served with process via its registered agent for service, to wit: Mahedi N. Maknojiya, Registered Agent, 1224 Chuck Drive, Friendswood, TX  77546.

9.      Defendant, ASHOK KUMAR BHASIN (hereinafter "ASHOK KUMAR BHASIN") is an individual who transacts business in the State of Texas and within this judicial district.

10.      Defendant, ASHOK KUMAR BHASIN, may be property served with process for

2

service, to wit:  9803 Summer Breeze Drive, Pearland, TX  77584-2784.

11.    Defendant, USHA BHASIN (hereinafter "USHA BHASIN") is an individual who transacts business in the State of Texas and within this judicial district.

12.    Defendant, USHA BHASIN, may be property served with process for service, to wit:  9803 Summer Breeze Drive, Pearland, TX  77584-2784.

## FACTUAL ALLEGATIONS

13.    On or about January 20, 2019, Plaintiff was a customer at "Country Food Mart," a business located at 2255 Country Place Pkwy, Pearland, TX  77584, referenced herein as the "Country Food Mart."

14.    288 EXPRESS, LLC, d/b/a EXPRESS LANE FOOD STORE is the owner and/or operator of the real property, Property Identification Number 249687, and improvements that Country Food Mart is situated upon and that is the subject of this action, referenced herein as the "Property."

15.    ASHOK KUMAR BHASIN is the owner or co-owner of the real property, Property Identification Number 249688, and improvements that Express Lane Food Store is situated upon and that is the subject of this action, referenced herein as the "Property."

16.    USHA BHASIN is the owner or co-owner of the real property, Property Identification Number 513365, and improvements that Express Lane Food Store is situated upon and that is the subject of this action, referenced herein as the "Property."

17.    Plaintiff lives 19 miles from the Property.

18.    Plaintiff's access to the business(es) located 2255 Country Place Pkwy, Pearland, TX  77584, Harris County Property Appraiser's account numbers 249687, 249688 and 513365 (collectively referred to as "the Property"), and/or full and equal enjoyment of the goods,

3

services, foods, drinks, facilities, privileges, advantages and/or accommodations offered therein were denied and/or limited because of his disabilities, and he will be denied and/or limited in the future unless and until Defendants, 288 EXPRESS, LLC, d/b/a EXPRESS LANE FOOD STORE, ASHOK KUMAR BHASIN and USHA BHASIN are compelled to remove the physical barriers to access and correct the ADA violations that exist at the Country Food Mart and the Property, including those set forth in this Complaint.

19.     While the Property is comprised of three separate parcels, all parcels share a common parking lot and serve a common building which is situated on all three parcels.  There is nothing at the property demarking any parcel boundaries that is visible to the public.  As such, all three parcels comprise a single "site" for purposes of the 2010 ADAAG Standards.

20.     Plaintiff has visited the Country Food Mart and the Property at least once before as a customer and advocate for the disabled.  Plaintiff intends on revisiting the Country Food Mart and the Property within six months or sooner, as soon as the barriers to access detailed in this Complaint are removed and Country Food Mart and the Property are accessible again.  The purpose of the revisit is to be a regular customer, to determine if and when the Country Food Mart and the Property is made accessible and to maintain standing for this lawsuit for Advocacy Purposes.

21.     Plaintiff intends on revisiting Country Food Mart and the Property to purchase goods and/or services as a regular customer living in the near vicinity as well as for Advocacy Purposes, but does not intend to re-expose himself to the ongoing barriers to access and engage in a futile gesture of visiting the public accommodation known to Plaintiff to have numerous and continuing barriers to access.

22.     Plaintiff travelled to the Country Food Mart and the Property as a customer and as

an independent advocate for the disabled, encountered the barriers to access at the Country Food Mart and the Property that are detailed in this Complaint, engaged those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access present at the Country Food Mart and the Property.

## COUNT I
## VIOLATIONS OF THE ADA AND ADAAG

23.      On July 26, 1990, Congress enacted the Americans with Disabilities Act 42 U.S.C. § 12101 *et seq.*

24.      Congress found, among other things, that:

(i)      some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

(ii)     historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

(iii)    discrimination against individuals with disabilities persists in such critical areas as employment, housing public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services;

(iv)     individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser service, programs, activities, benefits, jobs, or other opportunities; and

(v)      the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

42 U.S.C. § 12101(a)(1) - (3), (5) and (9).

25.     Congress explicitly stated that the purpose of the ADA was to:

(i)     provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii)    provide a clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and

        * * * * *

(iv)    invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C. § 12101(b)(1)(2) and (4).

26.     The congressional legislation provided places of public accommodation one and a half years from the enactment of the ADA to implement its requirements.

27.     The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

28.     Country Food Mart is a public accommodation and service establishment.

29.     The Property is a public accommodation and service establishment.

30.     Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice and Office of Attorney General promulgated federal regulations to implement the requirements of the ADA. 28 C.F.R. Part 36.

31.     Public accommodations were required to conform to these regulations by January 26, 1992 (or by January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181 *et seq.*; 28 C.F.R. § 36.508(a).

32.     Country Food Mart must be, but is not, in compliance with the ADA and

6

ADAAG.

33.      The Property must be, but is not, in compliance with the ADA and ADAAG.

34.      Plaintiff has attempted to, and has to the extent possible, accessed the Country Food Mart and the Property in his capacity as a customer at the Country Food Mart and the Property and as an independent advocate for the disabled, but could not fully do so because of his disabilities resulting from the physical barriers to access, dangerous conditions and ADA violations that exist at the Country Food Mart and the Property that preclude and/or limit his access to the Country Food Mart and the Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

35.      Plaintiff intends to visit the Country Food Mart and the Property again within six months or sooner as a customer and as an independent advocate for the disabled, in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at the Country Food Mart and the Property and as an independent advocate for the disabled, but will be unable to fully do so because of his disability and the physical barriers to access, dangerous conditions and ADA violations that exist at the Country Food Mart and the Property that preclude and/or limit his access to the Country Food Mart and the Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

36.      Defendants, 288 EXPRESS, LLC, d/b/a EXPRESS LANE FOOD STORE, ASHOK KUMAR BHASIN and USHA BHASIN, have discriminated against Plaintiff (and others with disabilities) by denying his access to, and full and equal enjoyment of the goods,

services, facilities, privileges, advantages and/or accommodations of the Country Food Mart and the Property, as prohibited by, and by failing to remove architectural barriers as required by, 42 U.S.C. § 12182(b)(2)(A)(iv).

37.     Defendants, 288 EXPRESS, LLC, d/b/a EXPRESS LANE FOOD STORE, ASHOK KUMAR BHASIN and USHA BHASIN, will continue to discriminate against Plaintiff and others with disabilities unless and until Defendants, 288 EXPRESS, LLC, d/b/a EXPRESS LANE FOOD STORE, ASHOK KUMAR BHASIN and USHA BHASIN, are compelled to remove all physical barriers that exist at the Country Food Mart and the Property, including those specifically set forth herein, and make the Country Food Mart and the Property accessible to and usable by Plaintiff and other persons with disabilities.

38.     A specific list of unlawful physical barriers, dangerous conditions and ADA violations which Plaintiff experienced and/or observed that precluded and/or limited Plaintiff's access to the Country Food Mart and the Property and the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of the Country Food Mart and the Property include, but are not limited to:

(a)     **ACCESSIBLE ELEMENTS:**

(i)     The total number of accessible parking spaces is inadequate and is in violation of Section 208.2 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to locate an accessible parking space.

(ii)    The Property lacks an accessible route from the accessible parking space to the accessible entrance of the Property and/or Facility in violation of Section 206.2.1 of the 2010 ADAAG standards.  This violation stems from the policy decision to place a metal enclosure around the exterior seating area in front of "Filipiana

8

Again" Restaurant.  Moreover, there is a second ramp much further away, but due to the placement of parking spaces, there is no accessible route to this ramp when cars are parked in violation of section 502.7 of the 2010 ADAAG standards.  This violation made it difficult for Plaintiff to access the units of the Property.

(iii)    The access aisle to the accessible parking space is not level due to the presence of a ramp in the access aisle in violation of Section 502.4 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property.

(iv)    The ground surfaces of the accessible parking space have dirt and debris in it that create vertical rises in excess of ¼ (one quarter) inch in height, are not stable or slip resistant, have broken or unstable surfaces or otherwise fail to comply with Sections 302 and 303 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to access the units of the Property.

(v)    The one accessible parking space is not adequately marked and is in violation of Section 502.1 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to locate an accessible parking space.

(vi)    There is a second ramp leading from the surface of the parking lot to the accessible entrance, however, the access route to this ramp is blocked due to the placement of parking spaces directly adjacent to and in front of the ramp in violation of section 502.7 of the 2010 ADAAG standards.  This violation made it difficult for Plaintiff to access the units of the Property.

(vii)    There is a second ramp leading from the surface of the parking lot to the accessible entrance, with a slope exceeding 1:8 in violation of Section 405.2 of

the 2010 ADAAG standards. The extreme slope of this ramp renders this ramp inaccessible. This violation made it dangerous and difficult for Plaintiff to access the units of the Property.

(viii)   There is a third ramp on the south side of the Property, but this ramp is also inaccessible as it is located directly in front of a parking space, so that when a car parks in the parking space in front of the ramp it blocks the accessible route to the ramp in violation of section 502.7 of the 2010 ADAAG Standards.

(ix)   There is a third ramp on the south side of the Property, with a slope exceeding 1:10 in violation of Section 405.2 of the 2010 ADAAG standards. The extreme slope of this ramp renders this ramp inaccessible. This violation made it dangerous and difficult for Plaintiff to access the units of the Property.

(x)   As a result of the policy decisions to locate ramps in areas that consistently lack accessible routes, there is not an accessible route leading from the parking lot to the accessible entrances in violation of section 206.2.1 of the 2010 ADAAG standards.  This violation made it difficult and dangerous for Plaintiff to access the units of the Property.

(xi)   At Unit 2251A, there is a doorway threshold with a vertical rise in excess of ½ (one half) inch and does not contain a bevel with a maximum slope of 1:2 in violation of Section 404.2.5 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to access the units of the Property.

(xii)   The vertical reach to the frozen drink dispensers at Country Food Mart exceeds the maximum allowable height of 48 (forty-eight) inches above the finish floor or

ground in violation of Section 308.3.1 of the ADAAG standards. This violation made it difficult for Plaintiff to property utilize public features of the Facility.

(xiii) The interior of Country Food Mart has sales and services counters lacking any portion of the counter that has a maximum height of 36 (thirty-six) inches from the finished floor in violation of Section 904.4 of the 2010 ADAAG standards, all portions of the sales and service counter exceed 36 (thirty-six) inches in height from the finished floor. This violation made it difficult for Plaintiff to properly transact business at the Facility.

(xiv) Defendants fail to adhere to a policy, practice and procedure to ensure that all facilities are readily accessible to and usable by disabled individuals.

## RESTROOMS AT COUNTRY FOOD MART

(i) The Facility lacks restroom signage in compliance with Sections 216.8 and 703 of the 2010 ADAAG standards. This made it difficult for Plaintiff to locate accessible restroom facilities.

(ii) The restrooms lack proper door hardware in violation of Section 404.2.7 of the 2010 ADAAG standards. This made it difficult for Plaintiff to utilize the restroom facilities.

(iii) The lavatories and/or sinks in the restrooms have exposed pipes and surfaces and are not insulated or configured to protect against contact in violation of Section 606.5 of the 2010 ADAAG standards. This made it difficult for Plaintiff to safely utilize the restroom facilities.

(iv)     The paper towel dispenser in the restroom is located outside the prescribed vertical reach ranges set forth in Section 308.2.1 of the 2010 ADAAG standards. This made it difficult for Plaintiff to safely utilize the restroom facilities.

(v)      The restrooms in the Facility have grab bars adjacent to the commode which are not in compliance with Section 604.5 of the 2010 ADAAG standards as the rear bar is missing. This made it difficult for Plaintiff to safely utilize the restroom facilities.

(vi)     The restroom lacks adequate clear floor space for the toilet in violation of Section 606.2 of the 2010 ADAAG standards. This made it difficult for the Plaintiff to safely utilize the restroom facilities.

(vii)    The hand operated flush control is not located on the open side of the accessible stall in violation of Section 604.6 of the 2010 ADAAG standards. This made it difficult for Plaintiff to safely utilize the restroom facilities.

(viii)   The toilet paper dispenser in the accessible toilet is not positioned properly and violates Section 604.7 of the 2010 ADAAG standards. This made it difficult for Plaintiff to safely utilize the restroom facilities.

(ix)     The mirror in the bathrooms exceeds the maximum height permitted by Section 603.3 of the 2010 ADAAG standards. This violation made it difficult for the Plaintiff to properly utilize public features of the restroom.

39.     The violations enumerated above may not be a complete list of the barriers, conditions or violations encountered by Plaintiff and/or which exist at the Country Food Mart and the Property.

40.     Plaintiff requires an inspection of the Country Food Mart and the Property in

12

order to determine all of the discriminatory conditions present at the Country Food Mart and the Property in violation of the ADA.

41.     The removal of the physical barriers, dangerous conditions and ADA violations alleged herein is readily achievable and can be accomplished and carried out without significant difficulty or expense. 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R. § 36.304.

42.     All of the violations alleged herein are readily achievable to modify to bring the Country Food Mart and the Property into compliance with the ADA.

43.     Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at the Country Food Mart and the Property is readily achievable because the nature and cost of the modifications are relatively low.

44.     Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at the Country Food Mart and the Property is readily achievable because Defendants have the financial resources to make the necessary modifications.

45.     Upon information and good faith belief, the Country Food Mart and the Property have been altered since 2010.

46.     In instances where the 2010 ADAAG standards do not apply, the 1991 ADAAG standards apply, and all of the alleged violations set forth herein can be modified to comply with the 1991 ADAAG standards.

47.     Plaintiff is without adequate remedy at law, is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendants, 288 EXPRESS, LLC, d/b/a EXPRESS LANE FOOD STORE, ASHOK KUMAR BHASIN and USHA BHASIN, are required to remove the physical barriers, dangerous conditions and ADA violations that exist at the Country Food Mart and the Property, including

those alleged herein.

48.     Plaintiff's requested relief serves the public interest.

49.     The benefit to Plaintiff and the public of the relief outweighs any resulting detriment to Defendants, 288 EXPRESS, LLC, d/b/a EXPRESS LANE FOOD STORE, ASHOK KUMAR BHASIN and USHA BHASIN.

50.     Plaintiff's counsel is entitled to recover its reasonable attorney's fees and costs of litigation from Defendants, 288 EXPRESS, LLC, d/b/a EXPRESS LANE FOOD STORE, ASHOK KUMAR BHASIN and USHA BHASIN, pursuant to 42 U.S.C. §§ 12188 and 12205.

51.     Pursuant to 42 U.S.C. § 12188(a), this Court is provided authority to grant injunctive relief to Plaintiff, including the issuance of an Order directing Defendants, 288 EXPRESS, LLC, d/b/a EXPRESS LANE FOOD STORE, ASHOK KUMAR BHASIN and USHA BHASIN, to modify the Country Food Mart and the Property to the extent required by the ADA.

WHEREFORE, Plaintiff prays as follows:

(a)     That the Court find Defendant 288 EXPRESS, LLC, d/b/a EXPRESS LANE FOOD STORE, in violation of the ADA and ADAAG;

(b)     That the Court find Defendant, ASHOK KUMAR BHASIN, in violation of the ADA and ADAAG;

(c)     That the Court find Defendant, USHA BHASIN, in violation of the ADA and ADAAG;

(d)     That the Court issue a permanent injunction enjoining Defendants, 288 EXPRESS, LLC, d/b/a EXPRESS LANE FOOD STORE, ASHOK KUMAR BHASIN and USHA BHASIN, from continuing their discriminatory practices;

(e)     That the Court issue an Order requiring Defendants, 288 EXPRESS, LLC, d/b/a EXPRESS LANE FOOD STORE, ASHOK KUMAR BHASIN and USHA BHASIN, to (i) remove the physical barriers to access and (ii) alter the subject Country Food Mart and the Property to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA;

(f)     That the Court award Plaintiff his reasonable attorneys' fees, litigation expenses and costs; and

(g)     That the Court grant such further relief as deemed just and equitable in light of the circumstances.

Dated: February 21, 2019.                    Respectfully submitted,

/s/  Douglas S. Schapiro
Douglas S. Schapiro
*Attorney-in-Charge for Plaintiff*
Southern District of Texas ID No. 3182479
The Schapiro Law Group, P.L
7301-A W. Palmetto Park Rd., #100A
Boca Raton, FL 33433
Tele: (561) 807-7388
Fax: (561) 807-7198
Email: schapiro@schapirolawgroup.com